IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELENA CRAM, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:17-CV-0475-D |
| VS. | § |
| | § |
| LA MIRADA OWNERS | § |
| ASSOCIATION, INC., et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff Elena Cram ("Cram"), now proceeding *pro se*, sues defendants La Mirada Owners Association, Inc. ("La Mirada"), Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"), and Flight 2010, LLC ("Flight 2010"), asserting various state-law claims and alleging against Wells Fargo a claim for violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601-2617. La Mirada and Wells Fargo move for summary judgment. For the reasons that follow, the court grants Wells Fargo's motion for summary judgment on Cram's RESPA claim and dismisses this claim with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses these claims without prejudice. Consequently, the court does not reach the merits of La Mirada's motion for summary judgment.

I

Cram, a citizen of Texas, filed this lawsuit in state court alleging state-law claims against defendants Wells Fargo and La Mirada. Wells Fargo, a citizen of South Dakota,

removed the case to this court based on diversity jurisdiction, alleging that La Mirada, a Texas citizen, had been improperly joined. On March 1, 2017 Cram filed a motion to dismiss La Mirada from the case. The court granted the motion, dismissing Cram's claims against La Mirada without prejudice. On January 16, 2018 Cram filed, and the court granted, an unopposed motion for leave to file an amended complaint. In her amended complaint, Cram joins La Mirada and Flight 2010[1] as defendants, and alleges claims against Wells Fargo for violations of RESPA and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2016); against Wells Fargo and La Mirada for breach of contract, breach of duty of cooperation, negligent misrepresentation, promissory estoppel, and declaratory judgment; and against Flight 2010 for quiet title and trespass to try title. Wells Fargo and La Mirada move for summary judgment. Cram has not responded to the motions.

II

Defendants filed their motions for summary judgment on April 29, 2019. Cram's responses were due 21 days after defendants filed their motions. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Cram's responses were due by May 20, 2019. She has not responded, and the motions are ripe for decision.[2]

---

[1] Flight 2010 has not answered or otherwise entered an appearance in this lawsuit, and it appears that Flight 2010 may not have been properly served.

[2] As noted *infra* at note 4, Cram has moved for a continuance of the trial date, but she has not moved for a continuance of the deadline to respond to defendants' summary judgment motions.

Cram's failure to respond to the summary judgment motions filed by La Mirada and Wells Fargo does not permit the court to enter "default" summary judgments, but the court may accept as true all of defendants' undisputed facts. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

Cram's *pro se* status does not excuse her failure to respond to defendants' motions. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005.

III

The court considers, first, whether Wells Fargo is entitled to summary judgment on Cram's RESPA claim, which is the only federal claim alleged in the amended complaint.

Wells Fargo moves for summary judgment on this claim, contending, *inter alia*, that Cram has no evidence that she sustained actual damages as a result of not receiving a letter denying her oral loan modification application, and that Cram cannot establish a violation of 12 C.F.R. § 1024.41 because she has no evidence that she ever submitted a complete loss mitigation application and she has no evidence that the oral loan modification application was her first complete loss mitigation application.

Because Cram has failed to respond Wells Fargo's motion, she has not carried her burden as the nonmovant. When the summary judgment movant will not have the burden at trial concerning a cause of action, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the nonmovant must then go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Moreover, the summary judgment nonmovant must produce evidence to establish the existence of each element as to which she will bear the burden of proof. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Accordingly, Wells Fargo's motion for summary judgment is granted with respect to

Cram's federal RESPA claim, and this claim is dismissed with prejudice.

IV

Having concluded that Cram's federal RESPA claim should be dismissed, the court must now decide whether to exercise supplemental jurisdiction[3] over Cram's remaining claims, all of which arise under state law.

Although this court can exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having dismissed Cram's sole federal-law claim against one of three defendants, the court in its discretion declines to exercise supplemental jurisdiction over her state-law claims. Accordingly, the court dismisses Cram's state-law claims without prejudice.

---

[3]Although the court had subject matter jurisdiction under 28 U.S.C. § 1332 at the time this case was removed, the joinder of La Mirada as a defendant after it had been voluntarily dismissed would have divested the court of jurisdiction and required remand under 28 U.S.C. § 1447(e) *but for* the presence of Cram's federal RESPA claim against Wells Fargo. Because Cram pleaded a federal claim in the amended complaint, there was no need for the court to determine, under § 1447(e), whether to deny joinder of La Mirada or permit joinder and remand the action to state court. The court had federal question jurisdiction over Cram's RESPA claim and could exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims, "includ[ing] claims that involve the joinder or intervention of additional parties," so long as these claims were "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." And even if the court could not exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Cram's state-law claims against La Mirada and Flight 2010, the outcome in this case would be the same: the state-law claims against La Mirada and Flight 2010 would be dismissed without prejudice.

V

Accordingly, the court grants Wells Fargo's motion for summary judgment on Cram's RESPA claim and dismisses this claim with prejudice. The court declines to exercise supplemental jurisdiction over plaintiff's state-law claims against Wells Fargo, La Mirada, and Flight 2010, and it dismisses these claims without prejudice to their being reurged in state court.[4] The court declines to reach the merits of La Mirada's motion for summary judgment.

**SO ORDERED**.

June 11, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[4] In view of this decision, plaintiff's June 4, 2019 motion to extend the trial date is denied without prejudice as moot.